STATE OF NORTH CAROLINA v. THEODORE MEAD KIMBLE

No. COA99-1518

(Filed 19 December 2000)

**1. Appeal and Error— preservation of issues—sufficiency of evidence to support Alford pleas—no objection**

Issues concerning the sufficiency of evidence to support Alford pleas to eight counts of solicitation of first-degree murder and whether there was in fact only one solicitation were not addressed in the Court of Appeals where defendant did not object during the plea hearing to the State's summary of the factual basis for entry of judgment or argue that the facts supported only one count. Although defendant brought a motion to withdraw his pleas subsequent to the entry of judgment, the basis of the motion was not that there were insufficient facts to support the pleas.

**2. Appeal and Error— preservation of issues—evidence to support aggravating factors—no objection—prejudice of plain error not argued**

Whether there was competent evidence to support aggravating factors found by the court when sentencing defendant for murder, arson, and solicitation was not properly before the Court of Appeals where defendant did not object to the court's findings during the sentencing hearing and, although he asserted plain error in his brief, he did not make any argument regarding the prejudicial impact of the alleged plain error.

Appeal by defendant from judgments dated 5 March 1999 and from denial of defendant's motion to withdraw his pleas of guilty to said judgments by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 7 November 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Edwin W. Welch, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr. by Assistant Appellate Defender Danielle M. Carman, for defendant-appellant.*

STATE v. KIMBLE

[141 N.C. App. 144 (2000)]

GREENE, Judge.

Theodore Mead Kimble (Defendant) appeals judgments dated 5 March 1999, finding him guilty of second-degree murder, conspiracy to commit first-degree murder, first-degree arson, and eight counts of solicitation to commit first-degree murder.[1]

On 7 April 1997, Defendant was indicted by a Guilford County grand jury for first-degree murder based on the death of Patricia Gail Kimble (Kimble), Defendant's wife. The indictment alleged Kimble was murdered on 9 October 1995. On 3 November 1997, Defendant was indicted for arson and conspiracy to commit first-degree murder based on the 9 October 1995 incident, and on 6 July 1998, Defendant was indicted for first-degree arson based on the 9 October 1995 incident. Finally, on 28 January 1999, the State filed bills of information charging Defendant with eight counts of solicitation to commit first-degree murder. The eight counts of solicitation to commit first-degree murder related to an incident that occurred subsequent to the 9 October 1995 death of Kimble.

On 25 January 1999, Defendant pled guilty to second-degree murder, conspiracy to commit first-degree murder, and first-degree arson. Defendant also entered *Alford* pleas[2] to the eight counts of solicitation to commit first-degree murder. At the time Defendant entered his pleas, the trial court asked whether Defendant "stipulate[d] that a factual basis exists for the entry of the pleas of guilty." Defense counsel answered: "Defendant does." The trial court then asked Defendant whether he "stipulate[d] that, if necessary, the State may summarize the factual basis." Defense counsel answered: "Yes, sir, we do." The State then summarized the factual basis for Defendant's pleas. Subsequent to the State's summary, the trial court made the following findings: "The court finds that . . . Defendant is competent to stand trial and that the plea entered is . . . Defendant's informed choice and it is made freely, voluntarily[,] and understandingly. . . . Defendant's plea is hereby accepted by the court and it is ordered recorded."

---

1. Defendant also appeals from and assigns error to the trial court's order, made in open court, denying Defendant's motion to withdraw his guilty pleas. As Defendant makes no argument in his brief to this Court regarding the trial court's order denying this motion, this assignment of error is deemed abandoned. N.C.R. App. P. 28(b)(5).

2. An *Alford* plea allows a defendant to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford,* 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970).

Defendant did not object to the trial court's acceptance of Defendant's pleas.

On 26 February 1999, Defendant filed a *pro se* motion to "withdraw [his] guilty-plea on all accounts and charges" on the ground he was "pressured into [his] earlier plea." The trial court subsequently held a hearing on the motion. At the conclusion of the hearing, the trial court "conclude[d] as a matter of law that . . . [D]efendant has wholly failed to meet his burden of showing to the Court that the motion to withdraw is supported by some fair and just reasons." The trial court, therefore, denied Defendant's motion to withdraw his guilty pleas.

On 4 March 1999 through 5 March 1999, the trial court held Defendant's sentencing hearing. At the conclusion of the hearing, the trial court found aggravating and mitigating factors existed. The trial court found the following aggravating factors when sentencing Defendant for second-degree murder: (1) "[D]efendant acted with premeditation and deliberation in committing this offense," and (2) "[D]efendant acted for pecuniary gain in committing the offense." Also, the trial court found the following aggravating factor when sentencing Defendant for first-degree arson: "This offense was committed for the purpose of avoiding detection in the murder of . . . Kimble and for the purpose of covering up the murder." Finally, the trial court found the following aggravating factor when sentencing Defendant for six counts of solicitation to commit first-degree murder: "The offense was committed to: a. disrupt the lawful exercise of a governmental function or the enforcement of laws[, and] b. hinder the lawful exercise of a governmental function or the enforcement of laws." In regard to the charges of second-degree murder, first-degree arson, and six counts of solicitation to commit first-degree murder, the trial court found the aggravating factors outweighed the mitigating factors and sentenced Defendant in the aggravated range. In regard to the charges of conspiracy to commit first-degree murder and two counts of solicitation to commit first-degree murder, the trial court found no aggravating or mitigating factors existed.

The issues are whether: (I) Defendant preserved for appellate review the issue of whether there was a factual basis to support the *Alford* pleas entered by Defendant for eight charges of solicitation to commit first-degree murder; and (II) Defendant preserved for appellate review the issue of whether the aggravating factors found by the trial court regarding Defendant's convictions for second-degree mur-

der, first-degree arson, and six counts of solicitation to commit first-degree murder were supported by competent evidence, and whether the trial court erroneously used the same evidence to prove two aggravating factors.

I

[1] Defendant argues the trial court erroneously entered judgment against Defendant for eight counts of solicitation to commit first-degree murder because there was an insufficient factual basis for the pleas, in violation of N.C. Gen. Stat. § 15A-1022(c) and the Fourteenth Amendment of the United States Constitution. Defendant argues, in the alternative, that seven of Defendant's eight convictions for solicitation to commit first-degree murder should be vacated because "the [State's] factual narrative showed that there was only one solicitation as a matter of law." Defendant, however, did not object during the plea hearing to the State's summary of the factual basis for the entry of judgment against Defendant for these charges. Additionally, Defendant did not argue before the trial court that the factual basis for the entry of judgment against Defendant supported only one count of solicitation to commit first-degree murder. Further, although Defendant brought a motion to withdraw his pleas subsequent to the entry of judgment, the basis of this motion was not that there was an insufficient factual basis to support Defendant's pleas. This issue, which was not raised before the trial court, is therefore not properly before this Court. *See* N.C.R. App. P. 10(b)(1). Accordingly, we do not address this issue.

II

[2] Defendant argues the aggravating factors found by the trial court when sentencing Defendant for second-degree murder, first-degree arson, and six counts of solicitation to commit first-degree murder were not supported by competent evidence in the record. Defendant, however, did not object to these findings during the sentencing hearing. This issue, therefore, is not properly before this Court.[3] N.C.R. App. P. 10(b)(1); *State v. Hughes*, 136 N.C. App. 92, 98, 524 S.E.2d 63, 67 (1999), *disc. review denied*, 351 N.C. 644, —— S.E.2d —— (2000); *State v. Degree*, 110 N.C. App. 638, 643, 430 S.E.2d 491, 494 (1993).

3. We note that in the event the trial court's written findings on aggravating and mitigating factors differ from its findings made in open court, there would be no requirement Defendant object to the written findings in order to preserve his right to appellate review of the written findings. This is because Defendant would not have an opportunity to object to findings made by the trial court outside of Defendant's presence.

Additionally, although Defendant states in his brief to this Court that "[D]efendant asserts plain error," Defendant does not make any argument in his brief to this Court regarding the prejudicial impact of the alleged plain error. Accordingly, the issue of whether any alleged errors resulted in plain error pursuant to Rule 10(d) of the North Carolina Rules of Appellate Procedure is not properly before this Court. *See State v. Cummings*, —— N.C. ——, ——, 536 S.E.2d 36, 61 (2000) ("Defendant's empty assertion of plain error, without supporting argument or analysis of prejudicial impact, does not meet the spirit or intent of the plain error rule.").

Affirmed.

Judges TIMMONS-GOODSON and FULLER concur.