STATE OF NORTH CAROLINA v. JAMES KARREL CANADY

No. COA01-1413

(Filed 15 October 2002)

**1. Appeal and Error— preservation of issues—*Alford* plea**

Assignments of error concerning the factual basis for an *Alford* plea were not properly before the Court of Appeals where defendant stipulated that there was a factual basis for the plea, did not object to the trial court finding that there was a sufficient factual basis for the plea, did not object to the acceptance of the plea, and did not move to withdraw the plea. Defendant did not raise or argue plain error in his brief.

**2. Probation and Parole— consecutive five year terms—prohibited**

The trial court erred by imposing two consecutive five year probation periods for indecent liberties. A trial court is prohibited from imposing such a sentence under, the plain terms of N.C.G.S. § 15A-1346.

### 3. Probation and Parole— restitution—victims' future treatment—not punitive

The trial court did not err by imposing restitution of up to $2,000 for future treatment of indecent liberties victims as a condition of probation where the record contained supporting evidence other than statements of the prosecutor, there was testimony tending to show that the victims were still undergoing treatment and that insurance would not cover the total cost, and the court's allowance for the cost of treatment being less than $2,000 supports the inference that the restitution was not punitive.

Appeal by defendant from judgments entered 26 June 2001 by Judge Jerry R. Tillett in Superior Court, Northampton County. Heard in the Court of Appeals 21 August 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General T. Lane Mallonee, for the State.*

*Osborn & Tyndall, P.L.L.C., by J. Kirk Osborn and Amos Granger Tyndall, for defendant-appellant.*

McGEE, Judge.

James Karrel Canady (defendant) pleaded guilty on 26 June 2001 to four counts of taking indecent liberties with a minor. The plea was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162 (1970).

Defendant stipulated to the factual basis for entry of the plea that was presented by the State, which tended to show that between 1 June 2000 and 31 July 2000 three incidents occurred in defendant's home involving defendant and his grandchild, T.C., who was ten years old at the time. On the first occasion, defendant was looking at T.C.'s private parts when he said, "if you want to have sex you can have sex with me" and "[i]f your bug ever gets hot just call me." Defendant told T.C. not to tell anyone because he might go to jail. A few weeks later, defendant pulled out his genitals, rubbed them and attempted to make T.C. look at them. On the third occasion, defendant attempted to touch T.C.'s breasts but she covered her breast area and turned away from defendant.

The State also showed that at various times when defendant's grandchild, R.B., was between the ages of four and eight, defendant

pulled out his penis, wiggled it around and asked her to touch it. Two such occurrences took place in the span of two weeks in a bathroom at defendant's house; the first occurred while defendant's wife was in the house, sleeping in her room. The following summer, defendant did the same thing to R.B. in a locked bathroom in his house, while his wife was fixing lunch. When R.B. was six years old, defendant came into her bedroom while she was sleeping, rolled R.B. over on her side and asked, "how does she like to sleep, dressed or naked." R.B. responded "dressed." Defendant attempted to touch R.B.'s breast, but she pushed him and said, "I'm going to tell grandma." Defendant responded, "I don't give a s---t." When R.B. was eight years old, defendant again took his penis out and wriggled it around in her presence.

Defendant was indicted on multiple counts of indecent liberties with children. Defendant pleaded guilty on 26 June 2001 to four counts of taking indecent liberties with children. The trial court consolidated two of the offenses for judgment and sentenced defendant to: (1) a minimum of sixteen months and a maximum of twenty months active imprisonment, (2) a minimum of twenty months and a maximum of twenty-four months, suspended with supervised probation for sixty months, and (3) another minimum of twenty months and a maximum of twenty-four months, suspended with supervised probation for sixty months, to run consecutively with the first period of probation. Defendant appeals the judgment of the trial court.

On appeal, defendant has not argued his seventh assignment of error concerning the trial court's finding of an aggravating factor in cases 01 CRS 50125 and 01 CRS 50156; therefore, this assignment of error is deemed abandoned. N.C.R. App. P. 28(a); *State v. Stanley*, 288 N.C. 19, 26, 215 S.E.2d 589, 593-94 (1975) ("[I]t is well recognized that assignments of error not set out in an appellant's brief, and in support of which no arguments are stated or authority cited, will be deemed abandoned.").

I.

[1] Defendant argues in his first through fourth assignments of error that the trial court erred by finding a factual basis for the *Alford* plea in 01 CRS 50154-56 and 01 CRS 50125.

A guilty plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 27 L. Ed. 2d. 162, 171 (1970), will be upheld when (1) a defendant intelligently concludes that his interests require the entry

of a guilty plea and (2) there is strong evidence in the record of the defendant's actual guilt. Defendant contends that the pleas in this case should not be upheld because the second of these two requirements was not met. Specifically, defendant contends that the State failed to provide strong evidence of one of the elements of the offense of taking indecent liberties with children. The elements of taking indecent liberties with children, are:

> (1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987) (citation omitted); *see* N.C. Gen. Stat. § 14-202.1 (2001). Defendant asserts that the State failed to present strong evidence of the last element, that defendant's conduct was "for the purpose of arousing or gratifying sexual desire." *Rhodes*, 321 N.C. at 102, 361 S.E.2d at 580.

We agree with the State's argument that *State v. Kimble*, 141 N.C. App. 144, 539 S.E.2d 342 (2000), *disc. review denied*, 353 N.C. 391, 548 S.E.2d 150 (2001), is controlling in this case. The defendant in *Kimble* failed to object to the State's summary of the factual basis for the entry of judgment against the defendant at a plea hearing. *Id.* at 147, 539 S.E.2d at 344. Further, in *Kimble*, when the "[d]efendant brought a motion to withdraw his pleas subsequent to the entry of judgment, the basis of this motion was not that there was an insufficient factual basis to support [the defendant's] pleas." *Id.* In *Kimble*, our Court held that since the issue of a sufficient factual basis for acceptance of an *Alford* plea was not raised before the trial court, it was not properly before our Court. *Id.* at 147, 539 S.E.2d at 344-45 (citing N.C.R. App. P. 10(b)(1)).

In the case before us, after the State presented the factual basis for the plea, defendant stipulated that there was a factual basis for the entry of the plea. After acceptance of the plea by the trial court, defendant neither objected to the trial court's finding that there was a sufficient factual basis for the plea, nor did defendant object to the acceptance of his plea by the trial court. The record does not show that defendant ever moved to withdraw his plea. Thus, as in *Kimble*, defendant's first through fourth assignments of error are not properly before this Court.

Defendant also argues in each of these assignments of error that if we determine that these assignments were not preserved for appeal, the trial court's actions amounted to plain error. However, as in *State v. Thompson*, defendant "does not raise or argue the errors as plain error in his brief." 141 N.C. App. 698, 705, 543 S.E.2d 160, 165, *disc. review denied*, 353 N.C. 396, 548 S.E.2d 157 (2001). We therefore deem waived any assignment of plain error concerning the *Alford* plea. *Id.* (citing N.C.R. App. P. 28(a)); *State v. Stanley*, 288 N.C. 19, 26, 215 S.E.2d 589, 593-94 (1975)). Defendant's first through fourth assignments of error are dismissed.

## II.

**[2]** Defendant argues in his fifth assignment of error that the trial court erred by imposing two consecutive five-year probationary sentences. Defendant argues that under N.C. Gen. Stat. § 15A-1342(a) (2001), a trial court may sentence a convicted offender to probation for a maximum of five years. Defendant contends that the two five-year terms the trial court imposed effectively resulted in a ten-year probation period, and therefore the trial court erred in sentencing. The State argues, however, that the five-year limit defendant cites only applies to single offenses, and therefore, should not be construed to cover multiple offenses.

The State further contends that N.C. Gen. Stat. § 15A-1346 does not answer the specific question presented in this case. The text of this statute reads:

(a) Commencement of Probation.—Except as provided in subsection (b), a period of probation commences on the day it is imposed and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period.

(b) Consecutive and Concurrent Sentences.—If a period of probation is being imposed at the same time a period of imprisonment is being imposed or if it is being imposed on a person already subject to an undischarged term of imprisonment, the period of probation may run either concurrently or consecutively with the term of imprisonment, as determined by the court. If not specified, it runs concurrently.

N.C.G.S. § 15A-1346 (2001).

A careful reading of the statute shows that any sentence of probation must run concurrently with any other probation sentences

imposed on a defendant. The only power to adjust the timing of a probation sentence is that found under N.C. Gen. Stat. § 15A-1346(b). *See* N.C. Gen. Stat. § 15A-1346(a) (2001). However, this exception only applies to the commencement of a probationary sentence when the defendant is already serving or is going to be serving a prison sentence as well. N.C.G.S. § 15A-1346(b). In that this is the *only* exception to N.C.G.S. § 15A-1346(a), the trial court could not impose a period of probation to run consecutively with another probation period. In the case before us, the trial court could have imposed the probation sentences to run consecutively with the sixteen to twenty months of active imprisonment imposed in the consolidated judgment. *See* N.C.G.S. § 15A-1346(b). However, under the plain terms of N.C.G.S. § 15A-1346, a trial court is prohibited from imposing a sentence of two consecutive probation periods of five years each. Although we recognize that the trial court was attempting to craft a sentence that would serve to protect the victims in this family, we must nonetheless remand this matter to the trial court for re-sentencing consistent with N.C.G.S. § 15A-1346.

### III.

**[3]** Defendant argues in his sixth assignment of error that the trial court erred by imposing as a condition of his probation that he pay restitution in an amount up to $2,000.00 for future treatment of the victims. However, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make[.]" N.C.R. App. P. 10(b)(1). Where a defendant fails to object to the judgment or the amount of restitution ordered at the sentencing hearing or to a trial court's order that a defendant make restitution, an appeal concerning the appropriateness of an imposition of restitution is not properly before this Court. *State v. Hughes,* 136 N.C. App. 92, 97-98, 524 S.E.2d 63, 66 (1999), *disc. review denied,* 351 N.C. 644, 543 S.E.2d 878 (2000).

Our Court may consider, under Rule 2 of the North Carolina Rules of Appellate Procedure, defendant's argument that the trial court erred by imposing up to $2,000.00 restitution on defendant. *See Hughes* at 98, 524 S.E.2d at 67. Accordingly, we will review defendant's sixth assignment of error on its merits.

Restitution may be ordered as a condition of probation pursuant to N.C. Gen. Stat. § 15A-1343(d) (2001). In *State v. Hunt,* our Court discussed the appropriateness of an award of restitution:

We held in a recent case that a recommendation of restitution must be supported by the evidence before the trial court. *State v. Daye*, 78 N.C. App. 753, 338 S.E.2d 557 (1986). Our Supreme Court has also recently held that a trial court need not make specific findings in support of its recommendation of probation. *State v. Hunter*, 315 N.C. 371, 338 S.E.2d 99 (1986). . . . When, as here, there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal. We note, however, that restitution is intended to compensate victims for loss or damage, and not as a punitive measure against defendants. A trial court's recommendation may easily fall into this latter, and disfavored, realm when there is no basis to support it.

*State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986).

In *State v. Burkhead*, we further explained that [r]estitution is defined as "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action." G.S. 15A-1343(d). Restitution, however, cannot be comprised of punitive damages. G.S. 15A-1343(d) states that the purpose of restitution measures are to promote rehabilitation of the criminal offender and to provide for compensation to victims of crime. They shall not be construed to be a fine or other punishment. G.S. 15A-1343(d); *State v. Killian*, 37 N.C. App. 234, 245 S.E.2d 812 (1978).

*State v. Burkhead*, 85 N.C. App. 535, 536, 355 S.E.2d 175, 176 (1987).

In the case before us, defendant argues that the restitution award should not be upheld because it was based upon the unsworn statements of the prosecutor. *See State v. Buchanan*, 108 N.C. App. 338, 341, 423 S.E.2d 819, 821 (1992) (holding that an unsworn statement by the prosecutor "does not constitute evidence and cannot support the amount of restitution recommended"). If statements of the prosecutor were the only bases for the award, our Court would be required to reverse the restitution award. *See id.* However, in this case, the record contains other evidence to support the amount of restitution awarded. There was both testimony and documentation showing that the victims had already accumulated $680.00 in treatment bills over the span of a few months. In fact, defendant does not challenge the trial court's imposition of an additional $680.00 in restitution to cover these previous treatment costs. Further, there was testimony tending to show that the victims were still undergoing treatment as a result of

defendant's actions. There was testimony that the insurance of the victims' parents would not cover the total cost of the treatment, which would be needed for an appreciable amount of time after the sentencing. In light of this evidence, the trial court did not err in setting the maximum amount of restitution for future treatment of the victims at $2,000.00. We also note that the fact that the trial court made allowance for the situation where the cost of treatment was less than $2,000.00 supports the inference that the restitution in this case was not punitive and thus met the requirements of N.C.G.S. § 15A-1343.

We affirm the trial court's award of restitution.

Affirmed in part; and remanded for re-sentencing.

Judges McCULLOUGH and BRYANT concur.