MARTIN, Chief Judge.
Defendant pled guilty to two counts of possession with intent to sell or deliver ("PWISD") cocaine, two counts of sale or delivery of cocaine, and habitual felon status. As specified in defendant's written plea agreement, the trial court consolidated the offenses and sentenced defendant as a Prior Record Level IV to a mitigated term of 80 to 105 months' imprisonment. Defendant gave notice of appeal in open court.
By his first assignment of error on appeal, defendant shows that the judgment entered by the trial court erroneously lists his Prior Record Level as V, based on fifteen prior record points. He notes that his sentence of 80 to 105 months is not authorized fora Class C felony and Prior Record Level V. See N.C. Gen. Stat. § 15A-1340.17(c), (e) (2003). The materials of record reveal that the judgment's reference to a Prior Record Level V "is plainly a mere clerical error which has not prejudiced defendant." State v. Leonard, 87 N.C. App. 448, 452, 361 S.E.2d 397, 399 (1987), disc. review denied, 321 N.C. 746, 366 S.E.2d 867 (1988). Both the hearing transcript and defendant's sentencing worksheet reflect that he had sixteen prior record points and a Prior Record Level V, if the felonies alleged in his habitual felon indictment were included in his prior record calculation. After subtracting the three used to confer defendant's habitual felon status, defendant was left with a Prior Record Level IV. See N.C. Gen. Stat. § 14-7.6 (2003). Because he pled guilty to habitual felon status, defendant was properly sentenced as a Prior Record Level IV and received the lowest possible mitigated sentence under G.S. § 15A-1340.17. Moreover, his plea agreement provided that he would be "sentenced as a Level 4 Class C felon . . . [to] an active sentence of 80 mo[nths] minimum to 105 mo[nths] maximum."
Although defendant was not prejudiced by this clerical error, we deem it appropriate to remand the judgment to the trial court for the limited purpose of correcting the prior record level and prior record points reflected thereon. See State v. Hilbert, 145 N.C. App. 440, 446, 549 S.E.2d 882, 886 (2001) (citing State v. Linemann, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999)).
Defendant also seeks a writ of certiorari to raise two additional issues beyond his appeal of right under G.S. § 15A-1444(a1) and (a2). He first claims the trial court erred under G.S. § 15A-1022(a)(6) (2003), by advising him during the plea colloquy that he faced a maximum possible punishment of 1044 months, which was calculated based upon a Prior Record Level VI, rather than defendant's Prior Record Level IV. He further claims the trial court erred in accepting his guilty plea in 03 CRS 56282 without a sufficient factual basis under G.S. § 15A-1022(c). See generally State v. Rhodes, 163 N.C. App. 191, 194, 592 S.E.2d 731, 733 (2004) (finding it "permissible for this Court to review pursuant to a petition for writ of certiorari during the appeal period a claim that the procedural requirements of [N.C. Gen. Stat. §§ 15A-1022] were violated") (citing State v. Bolinger, 320 N.C. 596, 601-602, 359 S.E.2d 459, 462 (1987)).
We find defendant's claims without merit. Before accepting a defendant's guilty plea, G.S. § 15A-1022(a)(6) requires the trial court to "inform[] him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences[.]" Here, petitioner's guilty plea to habitual felon status subjected him to sentencing as a Class C felon for each of his four substantive felony charges. Under G.S. § 15A-1340.17(c), (e), the "maximum possible sentence" for a Class C felony is 261 months. Allowing for the possibility of four consecutive sentences, the trial court properly informed petitioner that he faced a total "maximum possible punishment" of 1044 months' imprisonment "for the class of offense[s] for which [he was] being sentenced[.]" N.C.Gen. Stat. § 15A-1022(a)(6). Contrary to defendant's assertion, nothing in G.S. § 15A-1022(a)(6) requires the trial court to adjust the "maximum possible sentence" based upon a particular defendant's projected prior record level. Cf. State v. Byrd, ___ N.C. App. ___, ___, 596 S.E.2d 860, 865-66 (2004) ("'[T]he statutory maximum sentence for a criminal offense in North Carolina is that which results from . . . findings that the defendant falls into the highest criminal history category for the applicable class offense and that the offense was aggravated[.]") (quoting State v. Lucas, 353 N.C. 568, 596, 548 S.E.2d 712, 731 (2001)).
Defendant's challenge to the factual basis for his guilty plea in 03 CRS 56282 is not properly before this Court. Defendant expressly stipulated to the existence of a factual basis for his plea at the plea hearing. He did not challenge the sufficiency of the prosecutor's factual summary, did not object to the trial court's determination that a factual basis for the guilty plea existed, and did not move to withdraw his guilty plea. Accordingly, he has waived appellate review of this issue. State v. Canady, 153 N.C. App. 455, 458, 570 S.E.2d 262, 264-65 (2002) (citing State v. Kimble, 141 N.C. App. 144, 147, 539 S.E.2d 342, 344-45 (2000) (citing N.C.R. App. P. 10(b)(1)), disc. review denied, 353 N.C. 391, 548 S.E.2d 150 (2001)). Inasmuch as defendant neither assigns nor argues plain error to this Court under N.C.R. App. P. 10(c)(4), we dismiss this assignment of error. Canady, 153 N.C. App. at 459, 570 S.E.2d at 265.
The record on appeal contains an additional assignment oferror not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6), we deem it abandoned.
For the reasons discussed above, we affirm the trial court's judgment but remand for correction of the clerical errors contained thereon.
Affirmed; remanded for correction of clerical errors.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).