STATE OF NORTH CAROLINA
v.
DAVID DEAN STALLINGS
No. COA08-1379
Court of Appeals of North Carolina
Filed June 2, 2009
Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.
S. Alston & Associates, PLLC, by Simon. Frier Alston, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from judgments entered pursuant to his pleas of guilty to charges of second-degree kidnapping and felony larceny. The trial court entered judgments finding defendant to have a prior record level of V, based upon fifteen prior record points. The trial court sentenced defendant to a presumptive term of fifty-three to seventy-three months imprisonment for the second-degree kidnapping conviction and a consecutive term of fifteen to eighteen months imprisonment for the felony larceny conviction.
We first address defendant's motion to strike filed with this Court on 18 February 2009. On 23 January 2009, the State filed a motion to amend the record on appeal to include what it purported to be defendant's prior record level worksheet. Prior to this Court's ruling on the State's motion to amend the record on appeal, the State filed its brief in this appeal which contains numerous references to the purported prior record level worksheet and includes a copy of the prior record level worksheet in an appendix. By order entered 10 February 2009, this Court denied the State's motion to amend the record on appeal. Defendant now seeks to strike any and all portions of the State's brief that include references to matters that are not contained in the record on appeal with this Court, including any portion of the State's brief that "references, relies on or argues the existence of a prior record level worksheet."
Rule 9 of our Rules of Appellate Procedure provides that appellate review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, constituted in accordance with this Rule 9, and any items filed with the record on appeal pursuant to Rule 9(c) and 9(d). Parties may cite any of these items in their briefs and arguments before the appellate courts.
N.C.R. App. P. 9(a) (2009). As this Court has denied the State's motion to amend the record on appeal to include the purported prior record level worksheet, the worksheet is outside the scope of our review of defendant's appeal. Accordingly, we grant defendant's motion to strike the appendix of the State's brief containing the prior record level worksheet in question and any reference to, or argument regarding, the worksheet within the State's brief.
Defendant first argues the trial court erred in sentencing defendant after finding defendant had a prior record level of Vwhere defendant only stipulated that his prior record level was IV. We agree.
When reviewing alleged errors in computation of a defendant's prior record level, our "standard of review is whether the sentence is supported by evidence presented at [the d]efendant's trial and sentencing hearing." State v. Crockett, ___ N.C. App. ___, ___, 667 S.E.2d 537, 538 (2008) (citing State v. Jeffery, 167 N.C. App. 575, 578, 605 S.E.2d 672, 674 (2004)). "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions . . . ." N.C. Gen. Stat. § 15A-1340.14(a) (2007). The State bears the burden of proving a defendant's prior record level by a preponderance of the evidence and may meet its burden through:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the court to be reliable.
N.C. Gen. Stat. § 15A-1340.14(f) (2007).
Here, defendant entered separate pleas to second-degree kidnapping and felony larceny. During the entry of his guilty plea to second-degree kidnapping, defendant "consent[ed] to being a level four for felony sentencing." The trial court then took a recess while it considered an unidentified question of law. When the plea proceedings resumed, the following occurred before the trial court between Mr. Jonathan Perry, the prosecutor for the State, and Mr. Miles Helms, defendant's attorney:
MR. PERRY: And this would be case number 05-CRS-50861 and 07-CRS-53247. In those matter[s], Mr. Helms, does your client waive formal arraignment as to one count of second degree kidnapping and one count of larceny?
MR. HELMS: He does, Mr. D.A. and he consents to being tried on a bill of information as to the second degree kidnapping.
MR. PERRY: And does he stipulate that he is a record level four for felony sentencing purposes?
MR. HELMS: He does so stipulate.
MR. PERRY: Your Honor, if I may approach I've copies of all of those and the restitution worksheets.
THE COURT: All right.
However, in rendering and entering its sentences upon defendant's convictions for second-degree kidnapping and felony larceny, the trial court found defendant "is a prior record level five for felony sentencing purposes with fifteen points as stipulated."
Apart from the stipulations entered by defendant at the plea hearing, there is no evidence in the record before this Court supporting a finding regarding defendant's prior record level. While the State may have submitted prior record level worksheets and additional proof of defendant's prior convictions to the trial court, those documents are not in the record before this Court. Accordingly, the trial court's finding that defendant has a prior record of V is not supported by the evidence, and we must vacate the judgment and remand this matter for a new sentencing hearing. Defendant next argues the trial court erred in finding that a factual basis existed to accept defendant's Alford plea to felony larceny. Defendant's arguments, however, are not properly before this Court, and we dismiss this assignment of error.
A criminal defendant alleging that his guilty plea is not supported by an adequate factual basis does not have an appeal of right to this Court. Where a defendant entered a guilty plea in superior court, the defendant's appeal is limited to the following issues: (1) where the minimum term of imprisonment does not fall within the presumptive range, whether the sentenced imposed is supported by the evidence; (2) whether the sentence imposed results from an incorrect finding of the defendant's prior record level under N.C.G.S. § 15A-1340.14 or the defendant's prior conviction level under N.C.G.S. § 15A-1340.21; (3) whether the sentence imposed constitutes a type of sentence or term of imprisonment for a duration not authorized by N.C.G.S. § 15A-1340.17 or N.C.G.S. § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court properly denied the defendant's motion to suppress pursuant to N.C.G.S. § 15A-979(b); and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444 (2007); State v. Jamerson, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003). Defendant's argument does not fall under any of these provisions and this argument is subject to dismissal. This Court may, however, review defendant's argument pursuant to the issuance of a writ of certiorari. See State v.Bolinger, 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987) (holding that a challenge to the procedure followed in accepting a guilty plea does not fall within the scope of N.C.G.S. § 15A-1444, and that "[d]efendant may obtain appellate review of this issue only upon grant of a writ of certiorari").
Defendant has not filed a petition for writ of certiorari, and, because defendant did not preserve this issue for appeal by raising it before the trial court, we decline to treat his brief to this Court as a petition for writ of certiorari. See State v. Canady, 153 N.C. App. 455, 458, 570 S.E.2d 262, 265 (2002) ("In the case before us, after the State presented the factual basis for the plea, defendant stipulated that there was a factual basis for the entry of the plea. After acceptance of the plea by the trial court, defendant neither objected to the trial court's finding that there was a sufficient factual basis for the plea, nor did defendant object to the acceptance of his plea by the trial court. The record does not show that defendant ever moved to withdraw his plea. Thus, . . . defendant's first through fourth assignments of error are not properly before this Court."); State v. Kimble, 141 N.C. App. 144, 147, 539 S.E.2d 342, 344-45 (2000) (holding that issue of sufficiency of factual basis for guilty plea "which was not raised before the trial court, is therefore not properly before this Court"), disc. review denied, 353 N.C. 391, 548 S.E.2d 150 (2001). This assignment of error is dismissed. Defendant's remaining assignment of error set forth in the record on appeal, but not argued in his brief to this Court, is deemed abandoned. N.C.R. App. P. 28(b)(6) (2009).
DISMISSED IN PART; VACATED AND REMANDED FOR RE-SENTENCING.
Judges BRYANT and ELMORE concur.