STATE OF NORTH CAROLINA
v.
KAREEM ABDU ALEEM.
No. COA09-425.
Court of Appeals of North Carolina.
Filed October 20, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Terence D. Friedman, for the State.
M. Alexander Charns, for defendant-appellant.
JACKSON, Judge.
Defendant Kareem Abdu Aleem ("defendant") appeals his 10 December 2008 convictions for felony accessing computers, obtaining property by false pretenses, and felony tax fraud by non-preparer. For the reasons stated herein, we hold no error.
Douglas Sefner ("Sefner") and defendant had known each other for approximately fifteen years. At some point during the winter of 2007, defendant told Sefner that he knew someone who may be able to help Sefner receive a favorable tax refund. Sefner gave defendant copies of his W-2 forms, along with "some of [his] medical expenses, where [he bought] . . . tools for [his] job, . .. [and] how much interest [he had] paid on [his] house[.]" Sefner understood that defendant would give Sefner's information to his friend and would procure an estimated tax refund.
In early May 2007, Sefner and his wife took their tax information to their regular tax preparer. The following day, Sefner's tax preparer called the Sefners and told them that their 2006 taxes had been filed already. Sefner reported the false filing to the Internal Revenue Service ("IRS"), the Alamance County Sheriff's Department ("Sheriff's Department"), and the North Carolina Department of Revenue ("DOR"). Both the Sheriff's Department and the DOR investigated Sefner's report. The investigations revealed that the false tax return had been filed using the Turbo Tax computer program  most likely by a non-preparer  and that the resulting $1,424.00 refund from DOR had been deposited into defendant's bank account.
Defendant testified that he had given the Sefners' tax information, along with his own, to a group of college students whom he met at a gas station in Greensboro. They offered to do his taxes for him in exchange for meat from his truck. Defendant did not know how the Sefners' tax refund from the false tax return ended up in his bank account.
On 24 March 2008, defendant was indicted on one count of feloniously accessing computers, one count of obtaining property by false pretenses, and one count of tax fraud by a non-preparer. On 10 December 2008, defendant was convicted of all three charges and sentenced to consecutive terms of imprisonment. The prison terms were suspended based on several conditions, one of which was paying a restitution award of $6,424.00 to the Sefners. Defendant appeals.
Defendant first argues that his being charged with both felony accessing computers and obtaining property by false pretenses violates the prohibition on double jeopardy. Because defendant did not preserve this issue at trial, we do not address its merits.
"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]" N.C. R. App. P. Rule 10(b)(1) (2009). "`It is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal.'" State v. Bell, 359 N.C. 1, 28, 603 S.E.2d 93, 112 (2004) (holding that defendant failed to raise the issue of double jeopardy at trial and therefore, waived the issue on appeal) (quoting State v. Wiley, 355 N.C. 592, 615, 565 S.E.2d 22, 39 (2002), cert. denied, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003)).
Here, defendant's trial counsel made no objection to the charges at trial. In fact, he affirmatively agreed to the charges as listed on the verdict sheet, which included both felony accessing computers and obtaining property by false pretenses. Accordingly, we hold that defendant waived any objection regarding double jeopardy that he may have had by not raising the issue at trial.
As a subpart of his first argument, defendant also contends that the jury instructions combined elements of two separate statutory offenses, thereby confusing the jury. Defendant also failed to preserve this argument.
"Where a defendant tells the trial court that he has no objection to an instruction, he will not be heard to complain on appeal." State v. White, 349 N.C. 535, 570, 508 S.E.2d 253, 275 (1998), cert. denied, 527 U.S. 1026, 144 L. Ed. 2d 779 (1999) (citing State v. Wilkinson, 344 N.C. 198, 213, 474 S.E.2d 375, 383 (1996)). "[T]his Court has consistently denied appellate review to defendants who have attempted to assign error to the granting of their own requests. `A criminal defendant will not be heard to complain of a jury instruction given in response to his own request.'" Wilkinson, 344 N.C. at 213, 474 S.E.2d at 383 (quoting State v. McPhail, 329 N.C. 636, 643, 406 S.E.2d 591, 596 (1991)).
In the instant case, defendant expressly agreed to the jury instructions before they were read to the jury. Defendant even may have participated in the preparation of the instructions. Therefore, defendant has waived any objection to the jury instructions.
Second, defendant argues that the trial court erred by denying his motion to dismiss the charges based upon insufficient evidence. Specifically, defendant contends that the State offered insufficient evidence to show that defendant had inflated the Sefners' tax refund, as alleged in the indictment, and that defendant had accessed a computer. We disagree.
When ruling on a motion to dismiss, the trial court's task "is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied." State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982) (citing State v. Roseman, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971)). "`Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" State v. Gaither, 161 N.C. App. 96, 99, 587 S.E.2d 505, 507 (2003), disc. rev. denied, 358 N.C. 157, 593 S.E.2d 83 (2004) (quoting State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)).
"In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (quoting State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)).
If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then `it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.'
Id. (quoting Barnes, 334 N.C. at 75-76, 430 S.E.2d at 919).
We first note that inflation of the tax refund is not an element of any of the three offenses with which defendant was charged. Therefore, if the State had offered insufficient evidence of the inflation of the filed return, it nonetheless would have been able to withstand a motion to dismiss so long as it had offered substantial evidence for each element of each charged offense.
The only element that defendant argues was not supported by substantial evidence is the element "access or cause to be accessed any computer" of the felony accessing computers charge. Defendant contends that the State offered no evidence to show that he owned, or even knew how to use, a computer. However, Marshall Reid ("Reid"), Assistant Director of the Financial Services Division of the DOR, testified that the Sefners' false tax return was filed electronically using the Turbo Tax program. The return had no indication that it had been prepared by a tax preparer, and Reid, in more than two decades of experience, had never known a tax preparer to use Turbo Tax. Reid concluded that the return probably had been filed using a home computer. The tax return also included a routing number for the direct deposit of the tax refund. Detective David Sykes of the Sheriff's Department testified that the refund from the false filing was deposited into defendant's bank account. Although this evidence is circumstantial, a reasonable inference of defendant's guilt can be drawn from it. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss, because the State had presented substantial evidence as to each element of each charge.
Defendant's third argument is that the trial court erred by awarding an amount of restitution that included the Sefners' federal tax refund of approximately $5,000.00. Again, defendant has failed to preserve this argument.
"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]" N.C. R. App. P. Rule 10(b)(1) (2009). "Where a defendant fails to object to the judgment or the amount of restitution ordered at the sentencing hearing or to a trial court's order that a defendant make restitution, an appeal concerning the appropriateness of an imposition of restitution is not properly before this Court." State v. Canady, 153 N.C. App. 455, 460, 570 S.E.2d 262, 266 (2002) (citing State v. Hughes, 136 N.C. App. 92, 97-98, 524 S.E.2d 63, 66 (1999), disc. rev. denied, 351 N.C. 644, 543 S.E.2d 878 (2000)).
Here, defendant failed to object to the amount of restitution at trial. During trial, defendant even offered to stipulate to an amount that included the federal tax refund, which defendant now alleges was included improperly in the award. Considering the lack of objection and even affirmative action on defendant's part, any objection to the restitution award has not been preserved for review.
As his final argument, defendant contends that his trial counsel rendered ineffective assistance by failing to request that the jury selection and closing statements of the trial proceedings be recorded. Defendant concedes that he is unable to "show prejudice from the lack of recordation of portions of the trial[.]" Accordingly, we overrule this assignment of error.
"When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." State v. Braswell, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985) (citing Strickland v. Washington, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693 (1984)). Defendant's burden consists of two parts:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 562, 324 S.E.2d at 248 (quoting Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693). As our Supreme Court has stated, we "do not consider it to be the function of an appellate court to second-guess [trial] counsel's tactical decisions[.]" State v. Lowery, 318 N.C. 54, 68, 347 S.E.2d 729, 739 (1986).
The North Carolina General Statutes require that the court reporter "make a true, complete, and accurate record of all statements from the bench and all other proceedings" except for three portions: (1) jury selection in a noncapital case, (2) counsel's opening and closing statements, and (3) counsel's arguments on questions of law. N.C. Gen. Stat. § 15A-1241(a) (2007). However, upon a motion by either the judge or a party, jury selection, opening statements, and closing statements must be recorded also. N.C. Gen. Stat. § 15A-1241(b) (2007).
In the case sub judice, defendant's trial counsel did not request that jury selection nor closing statements be recorded. Pursuant to statute, defendant's trial counsel was not required to have these portions of the proceedings recorded. Defendant has not shown that this decision in any way made counsel's performance deficient nor has he shown that this omission caused him to be prejudiced. The decision of defendant's trial counsel not to record the jury selection or closing statements of the trial proceedings did not amount to ineffective assistance of counsel.
For these reasons, we hold that defendant failed to preserve any objection based upon either double jeopardy or the amount of restitution awarded. The trial court did not err in denying defendant's motion to dismiss based on insufficient evidence. Defendant's trial counsel did not render ineffective assistance by failing to request the recordation of the entire trial proceedings.
No error.
Judges McGEE and STEELMAN concur.
Report per Rule 30(e).