An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1129

Filed 20 August 2025

Caswell County, Nos. 19CRS050508-160, 19CRS050157-160

STATE OF NORTH CAROLINA

v.

RONALD EARL BACKUS, JR.

Appeal by Defendant from Judgment entered 8 August 2023 by Judge David L. Hall in Caswell County Superior Court. Heard in the Court of Appeals 22 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Megan Shook, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Ronald Earl Backus, Jr., (Defendant) appeals from a Judgment entered 8 August 2023 upon his guilty plea to Possession of Methamphetamine, Possession of

Drug Paraphernalia, and two counts of Negligent Child Abuse Inflicting Serious Physical Injury. The Record before us tends to reflect the following:

On 6 September 2022, Defendant was indicted for Possession of Methamphetamine and Possession of Drug Paraphernalia in 19 CRS 050157, and two counts of Negligent Child Abuse Inflicting Serious Physical Injury in 19 CRS 050508. On 8 August 2023, pursuant to a plea arrangement with the State, Defendant entered a guilty plea to all charges. In exchange for Defendant's plea, the State dismissed 21 other pending charges. The State agreed to consolidate the charges in 19 CRS 050157 with count one or count two of 19 CRS 050508, Defendant's sentences should be split, and Defendant should be placed on supervised probation.

Defendant stipulated to the State's factual basis for the plea, which tended to show that on 9 April 2019, North Carolina Department of Social Services (DSS) agent Jasmine Henderson called in a welfare check at the home of Defendant, Melissa Nixon, and their two young children. Henderson reported she could hear a child crying from outside the house. She knocked on the door over the course of two hours but received no answer. A police deputy and a second DSS agent responded to the request for a welfare check; the deputy "tried knocking on the front door, back door, and windows," with no response.

Approximately twenty minutes after the deputy arrived, Nixon answered at the back door. Nixon appeared to be "under the influence" and was slurring her speech. She indicated "a friend" was supposed to be watching the children. Two other

unrelated individuals were present in the home at the time; both individuals indicated they did not know about the children and were not responsible for caring for the children.

Defendant was eventually located. Defendant asked to get his shirt and shoes from inside of the home. The deputy accompanied Defendant to get his clothing; upon entering the home, the deputy observed what he believed to be marijuana, and the home was "locked down" while the officer obtained a search warrant.

After obtaining a warrant, officers found methamphetamine and "smoking devices" present in the home. The children were hospitalized and taken into DSS custody. The children appeared "small in size and . . . weak", were emaciated, and had physical injuries. Nixon reported to DSS that she and Defendant used methamphetamine while caring for the children, and she and Defendant would "take turns" watching the children and using methamphetamine.

The trial court accepted Defendant's plea and consolidated the charges into one Judgment in accordance with the plea agreement. The trial court sentenced Defendant to 17 to 30 months of imprisonment in count one of Negligent Child Abuse Inflicting Serious Physical Injury and immediately suspended that sentence for 48 months of supervised probation. The trial court ordered Defendant to serve an active term of 180 days in the custody of the Caswell County Sheriff as a special condition of probation. Defendant was given credit for time already served: 137 days at the time of sentencing.

The trial court consolidated the drug charges in 19 CRS 050157 with count two of Negligent Child Abuse Inflicting Serious Physical Injury. For count two, the trial court sentenced Defendant to 17 to 30 months of imprisonment and stated the sentence "shall begin at the expiration of the sentence imposed in Count One." This sentence was also suspended for 48 months of supervised probation, subject to the same conditions of probation imposed in count one.

In addition to marking the box on the Judgment indicating Defendant's active sentence was to run at the expiration of the sentence in count one, the trial court marked the box under "Suspension of Sentence" indicating the period of probation in count two should begin "at the expiration of the sentence" in count one.

Defendant filed *pro se* written Notice of Appeal on 11 April 2024. The Appellate Defender was subsequently appointed to represent Defendant in this appeal. Acting consistently with the requirements set forth in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), Defendant's appellate counsel advised Defendant of his right to file written arguments with this Court and provided Defendant with the documents necessary for him to do so. She then filed an *Anders* brief with this Court stating she was unable to find any meritorious issues for appeal, had complied with the requirements of *Anders*, and asked this Court to conduct an independent review of the Record to determine if there were any identifiable meritorious issues therein. Defendant did

not file any written arguments with this Court. Defendant, through his appellate counsel, filed a Petition for Writ of Certiorari on 3 January 2025.

## Appellate Jurisdiction

In his Petition for Writ of *Certiorari*, filed under Rule 21(a)(1) of the North Carolina Rules of Appellate Procedure, Defendant acknowledges his *pro se* Notice of Appeal was not timely filed, did not specify the court to which appeal was being taken, and did not indicate service of the Notice upon the State.

The State, for its part, has filed a Motion to Dismiss Defendant's appeal and argues the writ should not issue because Defendant has not shown merit or that error was probably committed in the proceedings below. *See State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), *cert. denied*, 362 U.S. 917, 8 S. Ct. 670, 4 L. Ed. 2d 738 (1960) ("A petition for the writ must show merit or that error was probably committed below." (citation omitted)). The State also correctly notes Defendant did not file Notice of Appeal until 11 April 2024, over eight months after the trial court had entered its Judgment.

Pursuant to Rule 21(a)(1) of our Appellate Rules, this Court possesses the authority to grant a petition for writ of *certiorari* and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1) (2024). "This Court has allowed for the issuance of a writ of *certiorari* despite technical defects in a notice of appeal by a *pro se* defendant in a variety of circumstances, especially where the State

has not been misled by the mistake." *State v. Salter*, 264 N.C. App. 724, 729, 826 S.E.2d 803, 807 (2019) (citation omitted); *see also State v. Springle*, 244 N.C. App. 760, 763, 781 S.E.2d 518, 521 (2016) ("[A] defect in a notice of appeal should not result in loss of the appeal as long as the intent to appeal can be fairly inferred from the notice and the appellee is not misled by the mistake." (citations, quotation marks, and alteration omitted)).

Defendant's intent to appeal is apparent from his Notice of Appeal and the State has not alleged it was misled by the defects in Defendant's Notice. We, in our discretion, allow Defendant's Petition for Writ of *Certiorari* and deny the State's Motion to Dismiss the appeal. *See id.*; *see also State v. Robinson*, 282 N.C. App. 403, 868 S.E.2d 924, 2022 WL 775145 (unpublished) (granting petition for writ of *certiorari* where the defendant "failed to designate this Court as the court to which appeal is taken[,]" "failed to serve his notice of appeal on the State[,]" and appellate counsel had filed *Anders* brief).

## Issues

The issues on appeal are whether: (I) the trial court erred in calculating Defendant's prior record level; and (II) the trial court erred or committed clerical errors in imposing Defendant's sentences.

## Analysis

I.   Prior Record Level

"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved[.]" N.C. Gen. Stat. § 15A-1340.14(a) (2023). A prior conviction may be proved by stipulation of the parties. *Id.* § 15A-1340.14(f)(1) (2023). Such stipulations do not bar a defendant's challenge on appeal. *See State v. Gardner*, 225 N.C. App. 161, 165-67, 736 S.E.2d 826, 829-30 (2013).

A prior record level of III requires at least six, but no more than nine, points. N.C. Gen. Stat. § 15A-1340.14(c)(3) (2023). Class A and A1 misdemeanors carry one point each. *Id.* § 15A-1340.14(b)(5) (2023). "[A] conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony" and carries two record points. *Id.* § 15A-1340.14(e) (2023); *id.* § 15A-1340.14(b)(4) (2023).

Here, Defendant stipulated to having a prior record level of III based upon seven record points—five points from misdemeanor convictions and two points from felony convictions. The relevant convictions included five North Carolina class A or A1 misdemeanor convictions and one Viriginia felony conviction for Possession of a Schedule I or Schedule II Controlled Substance. Thus, Defendant's stipulation to a prior record level of III based on seven record points was proper. Therefore, the trial court did not err in concluding Defendant has a prior record level of III.

II.     Sentences

In North Carolina, criminal sentencing is controlled by statute. *See id.* § 1340.17 (2023). Where the trial court does not find any aggravating or mitigating factors, the minimum "authorized punishment" for a defendant with a prior record level of III convicted of a Class G felony is 13 to 17 months of imprisonment. *See id.* § 15A-1340.17(c) (2023). The corresponding maximum authorized punishment is 25 to 30 months of imprisonment. *See id.* § 15A-1340.17(d) (2023).

Here, Defendant pleaded guilty to two counts of Negligent Child Abuse Inflicting Serious Physical Injury, which is a Class G felony. *See id.* § 14-318.4(a5) (2023) ("A parent or any other person providing care to or supervision of a child less than 16 years of age whose willful act or grossly negligent omission in the care of the child shows a reckless disregard for human life is guilty of a Class G felony if the act or omission results in serious physical injury to the child."). The trial court did not find any aggravating or mitigating factors and sentenced Defendant to 17 to 30 months of imprisonment for each count. Thus, Defendant's sentences fall within the permissible sentencing range. *See id.* § 15A-1340.17 (2023). Therefore, the trial court did not err in sentencing Defendant to 17 to 30 months of imprisonment for each count of Negligent Child Abuse Inflicting Serious Physical Injury.

The trial court immediately suspended each sentence for 48 months of supervised probation. The trial court made the appropriate Findings that a longer period of supervised probation was necessary than the standard period of probation. *See id.* § 15A-1343.2(d) (2023) (the length of probation for felons sentenced to

intermediate punishment is 18 to 36 months unless the trial court makes specific findings that a longer or shorter period of probation is necessary). As to count one, the trial court further ordered Defendant to serve an active term of 180 days in the custody of the Caswell County Sheriff as a special condition of probation. Defendant was given credit for 137 days served at the time of sentencing. The trial court also ordered the sentence in count two to run consecutively to the sentence in count one.

Defense counsel argues—and the State concedes—the Findings in the Judgment indicate the probation period in count two begins at the expiration of the probation period in count one. Both parties agree this is a clerical error. *See State v. Taylor*, 156 N.C. App. 172, 177, 576 S.E.2d 114, 117-18 (2003) (" 'Clerical error has been defined . . . as 'an error resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination[.]' " (internal quotation marks and citations omitted)).

Section 15A-1346 of our General Statutes provides:

> (a) Commencement of Probation. — Except as provided in subsection (b), a period of probation commences on the day it is imposed and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period.
>
> (b) Consecutive and Concurrent Sentences. — If a period of probation is being imposed at the same time a period of imprisonment is being imposed or if it is being imposed on a person already subject to an undischarged term of imprisonment, the period of probation may run either concurrently or consecutively with the term of imprisonment, as determined by the court. If not specified, it runs concurrently.

N.C. Gen. Stat. § 15A-1346 (2023). "A careful reading of the statute shows that any sentence of probation must run concurrently with any other probation sentences imposed on a defendant." *State v. Canady*, 153 N.C. App. 455, 459-60, 570 S.E.2d 262, 265 (2002), *abrogated by*, *State v. Mumford*, 364 N.C. 394, 699 S.E.2d 911 (2010).

In *Canady*, the trial court sentenced the defendant to: (1) 16 to 20 months of imprisonment; (2) 20 to 24 months of imprisonment, suspended for 60 months of probation; and (3) 20 to 24 months of imprisonment, suspended for 60 months of probation, "to run consecutively with the first period of probation." *Id.* at 457, 570 S.E.2d at 264. We vacated and remanded the case for resentencing because "a trial court is prohibited from imposing a sentence of two consecutive probation periods[.]" *Id.* at 460, 570 S.E.2d at 266. However, in *State v. Cousar*, this Court clarified *Canady* "dealt only with consecutive periods of probation, not consecutive sentences that were suspended." 190 N.C. App. 750, 757, 660 S.E.2d 902, 907 (2008), *review denied*, 362 N.C. 684, 670 S.E.2d 568 (2008). There, the trial court had entered four judgments: (1) 96 to 125 months of imprisonment for first-degree burglary; (2) 46 to 65 months of imprisonment for second-degree kidnapping, to begin at the expiration of the burglary sentence; (3) 11 to 14 months of imprisonment for larceny, suspended for 36 months of probation; and (4) 8 to 10 months of imprisonment for financial card fraud and theft, also suspended for 36 months of probation—to run at the expiration of the larceny sentence. *Id.* at 752-53, 660 S.E.2d at 904. The defendant, citing

*Canady*, argued the trial court erroneously imposed two consecutive terms of probation in the latter two judgments. *Id.* at 757, 660 S.E.2d at 906. This Court disagreed, holding that in the absence of "any language that would suggest that the defendant was to have two consecutive terms" of probation, "the provisions of N.C. Gen. Stat. § 15A-1346 control and the period of probation '[i]f not specified, . . . runs concurrently.'" *Id.* (quoting N.C. Gen. Stat. § 15A-1346 (2007)).

Here, as in *Cousar*, the trial court imposed consecutive sentences which were suspended. In the absence of any language suggesting the trial court intended to sentence Defendant to two consecutive terms of probation, the terms of probation in these sentences run concurrently. *See id.*; N.C. Gen. Stat. § 15A-1346 (2023). However, as defense counsel argues, the Findings in the Judgment erroneously indicate the probation period in count two runs consecutive to the probation period in count one; this is a clerical error that must be corrected. *See State v. Lawing*, 12 N.C. App. 21, 23, 182 S.E.2d 10, 11-12 (1971) (holding a clerical error exists when a judgment does not reflect what was announced in open court).

"When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citation and quotation marks omitted). The trial court appropriately marked the box indicating the active sentence in count two should run consecutively to the sentence in count one. However, the trial court should not

have marked the box under "Suspension of Sentence" indicating the *period of probation* in count two should run consecutive to the period of probation in count one.

We further note the Transcript of the Plea indicates Defendant pleaded guilty, however the Judgment indicates Defendant pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). This is likewise a clerical error which should be corrected on remand. Thus, we remand this case for the sole purpose of correcting these clerical errors in the Judgment.

## **Conclusion**

We have reviewed the Record pursuant to *Anders* and discern no other errors on the face of the Record. Accordingly, for the foregoing reasons, we affirm the Judgment of the trial court. We remand this matter to the trial court for the limited purpose of correcting the clerical errors in the Judgment as set forth above.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERRORS.

Judges STROUD and TYSON concur.

Report per Rule 30(e).