STATE OF NORTH CAROLINA v. WILLIAM LATHAM REYNOLDS

No. COA11-536

(Filed 7 February 2012)

**Sentencing—guilty plea—failure to properly inform defendant of maximum sentence—guilty plea not voluntary**

The trial court's failure to properly inform defendant of the maximum sentence he faced called into question the voluntariness of his guilty plea. Because defendant's plea arrangement contemplated his being sentenced to 135 months in prison, instead of the 138 months he was actually sentenced to, in exchange for pleading guilty to felony larceny, felony breaking and entering, and having attained habitual felon status, the trial court's error tainted all of defendant's guilty pleas.

Appeal by Defendant from judgment entered 23 February 2010 by Judge Zoro J. Guice, Jr. in Superior Court, Lincoln County. Heard in the Court of Appeals 25 October 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*John T. Hall for Defendant.*

McGEE, Judge.

Pursuant to a plea agreement with the State, Defendant pleaded guilty to felony breaking and entering and felony larceny on 23

February 2010. Defendant agreed to plead guilty provided that the State dismiss several additional charges against him. Defendant's plea arrangement stated that "Defendant will be sentenced to 135 months in the DOC." The trial court accepted Defendant's guilty plea and sentenced Defendant, as an habitual felon, to 135 to 171 months in prison. The trial court also ordered Defendant to pay $3,015.00 in restitution. Defendant filed a *pro se* motion for appropriate relief (MAR) on 2 August 2010, which the trial court denied in an order dated the same day. Defendant petitioned this Court for a writ of certiorari, which was granted 27 September 2010, "for the purpose of reviewing the judgment dated 23 February 2010[.]"

## I.  Issues on Appeal

Defendant raises the following issues on appeal: (1) the trial court erred by entering an order for restitution in the amount of $3,015.00; (2) the trial court erred by accepting Defendant's guilty plea because Defendant had not been informed of the maximum possible sentence that could be imposed; and (3) the trial court abused its discretion in denying Defendant's MAR.

## II.  Guilty Plea

Because we find it dispositive of Defendant's appeal, we first address Defendant's argument concerning his guilty plea. Defendant argues that the trial court erred in accepting his guilty plea because he could not have entered the guilty plea knowingly, voluntarily, or understandingly because he had not been informed of the correct maximum sentence. Defendant argues that he was misinformed, in that the trial court told him the maximum possible sentence would be 168 months' imprisonment when, in fact, the maximum sentence was 171 months. The State and Defendant agree that the appropriate maximum possible sentence corresponding to a minimum sentence of 135 months was, in fact, 171 months. *See* N.C. Gen. Stat. § 15A-1340.17 (2009).

N.C. Gen. Stat. § 15A-1022(a)(6) (2011) provides in pertinent part:

> (a) . . . a superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and: . . . .

> (6) Informing him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge[.]

The State contends that Defendant has failed to file a complete record upon which our Court can conduct an analysis. The record in this case contains two identical copies of a plea transcript regarding Defendant's guilty pleas to felony larceny and felony breaking and entering. There is no copy of the plea transcript with respect to Defendant's having attained the status of an habitual felon. However, the transcript of the hearing at which the trial court accepted Defendant's guilty plea contains an exchange between Defendant and the trial court during Defendant's plea colloquy. Because the trial court was statutorily obligated to "personally address" Defendant and to inform Defendant of the consequences of his plea, and because the error that Defendant assigns to the trial court occurred during Defendant's plea colloquy, we find the record sufficient to review Defendant's argument.

The State also argues that Defendant has failed to show that there was prejudicial error to Defendant because "any variance in the maximum sentence the court stated . . . [D]efendant would receive did not affect his decision to plead guilty[.]" The State argues that Defendant "did not object during sentencing or contend that he was not informed or aware that the maximum sentence was 171 months." However, we find that the State's argument relies on an incorrect standard of review, as well as a misapprehension of the timing of the acceptance of Defendant's guilty plea.

In *State v. McNeill*, 158 N.C. App. 96, 580 S.E.2d 27 (2003), which the State cites in its argument, this Court noted the following:

> Our Courts have rejected a ritualistic or strict approach in applying these standards and determining remedies associated with violations of G.S. § 15A-1022. Even when a violation occurs, there must be prejudice before a plea will be set aside. Moreover, in examining prejudicial error, courts must "look to the totality of the circumstances and determine whether noncompliance with the statute either affected defendant's decision to plead or undermine the plea's validity."

> Because of the additional term of imprisonment associated with habitual offender status, this constitutes a direct consequence of one's plea to the same. As a result, the State must prove the error was harmless beyond a reasonable doubt.

*McNeill*, 158 N.C. App. at 103-04, 580 S.E.2d at 31 (citations omitted).

We are not persuaded that the State has shown that the trial court's informing Defendant of an incorrect maximum sentence was harmless error. During Defendant's plea hearing, the following exchange occurred:

> The Court: Have you agreed to plead guilty as a result of a plea arrangement?
>
> [Defendant]: Yes, sir.
>
> The Court: Are these the terms and conditions that you're pleading guilty to: One count of breaking and entering and larceny and pleading guilty to being an habitual felon and that all matters are to be consolidated in one count of habitual felony and that you will receive a minimum sentence of 135 months, and I don't have that sheet before me, maximum 135—minimum 135, maximum 168; is that right?
>
> [The State]: Yes.
>
> The Court: It's the chart as of 12/1/95 I believe. 135 minimum, 168 maximum. Do you understand that; sir?
>
> [Defendant]: Yes, sir.
>
> The Court: Do you now personally accept this arrangement?
>
> [Defendant]: Yes, sir.
>
> . . . .
>
> The Court: As to the habitual felony charge, upon consideration of the record proper, the evidence, a factual presentation offered, the answers of . . . [D]efendant, statements of the lawyer for . . . [D]efendant and the [State], the [c]ourt finds that there is a factual basis for the entry of the plea, that . . . [D]efendant is satisfied with his lawyer's legal services, that . . . [D]efendant is competent to stand trial, that the State has provided . . . [D]efendant with appropriate notice of any aggravating factors and/or sentencing points and . . . [D]defendant has waived such notice, that the plea is the informed choice of . . . [D]efendant and is made freely, voluntarily, and understandingly. . . . [D]efendant's plea is hereby accepted by the [c]ourt and is ordered recorded.

Anything for the State before sentencing?

[The State]: No, sir.

The Court: For . . . [D]efendant?

[Defendant]: No, sir.

Thus, when the trial court accepted Defendant's guilty plea, Defendant had been misinformed as to the maximum sentence he would receive as a result of his guilty plea. While the difference between the maximum sentence described by the trial court and the correct maximum sentence is only three months, we cannot say that an additional three months of possible imprisonment is not prejudicial. Further, on these facts we are reluctant to establish precedent for a trial court's providing incorrect information to a defendant prior to accepting a guilty plea.

We find the facts of the present case to be similar to those in *State v. McTaggart*, 171 N.C. App. 516, 615 S.E.2d 737, 2005 WL 1669217 (2005). Though unpublished, we find the reasoning in *McTaggart* to be sound. In *McTaggart*, this Court found that a defendant had not knowingly, voluntarily, and understandingly entered a guilty plea when the trial court informed him that the minimum sentence was 70 months, but "[c]learly . . . did not inform defendant of 'the maximum possible sentence' as required by N.C. Gen. Stat. § 15A-1022." *Id.* at *2.

> We also note that not only did the court fail to inform defendant of the maximum sentence, but an incorrect maximum was listed on the sentencing worksheet attached to the transcript of plea. The maximum sentence listed on that worksheet is "59 mos (sub. to stat. minimums)." Neither defendant's counsel nor the trial judge realized the error. The trial court and defense counsel incorrectly assessed the maximum sentence to which defendant was exposed. There is no evidence in the instant case that anyone accurately explained the maximum sentence to defendant prior to entry of his plea. Because the maximum sentence determines the projected prison release date, defendant faced an additional fourteen months of imprisonment. The increase in defendant's period of confinement calls into question the voluntariness of his guilty plea. Under the facts of this case, the trial court's failure to inform defendant of the consequences of his plea undermines the validity of defendant's plea.

*Id.* at *3.

In the present case, as in *McTaggart*, we find that the trial court's failure to properly inform Defendant of the maximum sentence he faced "calls into question the voluntariness of his guilty plea." *Id.* Because Defendant's plea arrangement contemplated his being sentenced to 135 months in prison in exchange for pleading guilty to felony larceny, felony breaking and entering, and having attained habitual felon status, we find that the trial court's error tainted all of Defendant's guilty pleas. Therefore, we must vacate Defendant's convictions and remand for a new trial. In light of our holding, we need not address Defendant's arguments concerning restitution and his MAR.

Vacated and remanded for a new trial.

Judges HUNTER, Robert C. and CALABRIA concur.