STATE v. CRAWFORD

[225 N.C. App. 426 (2013)]

———————————

STATE OF NORTH CAROLINA
v.
CHARLAYNE ANNETTE CRAWFORD

No. COA12-565

Filed 5 February 2013

**1. Sentencing—prior record points—federal felony convictions**

The trial court did not err by finding that defendant had four prior record points and sentencing her at a prior record level II where defendant made no showing before the trial court that either of her two prior federal felony convictions were substantially similar to North Carolina misdemeanors.

**2. Constitutional Law—effective assistance of counsel—sentencing—prior federal felonies**

Defendant suffered no prejudice and no ineffective assistance of counsel where she contended that counsel was ineffective for failing to demonstrate that her prior federal convictions were substantially similar to North Carolina misdemeanors. The two offenses, N.C.G.S. § 14-225 and 18 U.S.C. § 1001, were not substantially similar.

**3. Burglary and Unlawful Breaking or Entering—felony breaking and entering—guilty plea—factual basis—sufficient statement**

The State presented a sufficient factual basis to support defendant's conviction of felony breaking and entering where the State's summary of the factual basis for the plea was sufficient to meet the requirements of N.C.G.S. § 15A-1022(c).

STATE v. CRAWFORD

[225 N.C. App. 426 (2013)]

Appeal by defendant from judgment entered 11 January 2012 by Judge Richard L. Doughton in Buncombe County Superior Court. Heard in the Court of Appeals 22 October 2012.

*Attorney General Roy Cooper by Assistant Attorney General Jonathan Shaw for the State.*

*Appellate Defender Staples S. Hughes by Assistant Appellate Defender Kathleen M. Joyce for defendant-appellant.*

STEELMAN, Judge.

Where defendant failed to demonstrate that her federal felony convictions were substantially similar to North Carolina misdemeanors, the trial court correctly sentenced her as a prior felony record level II. Where defendant cannot show that one of her prior federal felony convictions was substantially similar to a North Carolina misdemeanor, her claim of ineffective assistance of counsel must fail. The State presented a sufficient factual basis to support defendant's plea of guilty to the charge of felony breaking or entering under N.C. Gen. Stat. § 15A-1022(c).

## I. Factual and Procedural Background

Charlayne Annette Crawford (defendant) was indicted for felonious breaking and/or entering, larceny after breaking and/or entering, and obtaining property by false pretenses. On 11 January 2012, defendant pled guilty to felony breaking and/or entering. Defendant was sentenced to 8-10 months imprisonment. That sentence was suspended, and defendant was placed on 60 months of supervised probation.

Defendant appeals.

## II. Writ of *Certiorari*

In her petition for writ of *certiorari*, defendant concedes that she failed to serve her *pro se* notice of appeal upon the State.

In our discretion, we grant defendant's petition for writ of *certiorari* pursuant to North Carolina Rule of Appellate Procedure 21.

## III. Calculation of Prior Record Level

[1] In her first argument, defendant contends that the trial court erred in computing her felony sentencing level. We disagree.

Upon her plea of guilty to felony breaking and/or entering, the State and defendant submitted a felony sentencing worksheet (AOC-

CR-600). This worksheet contained the following stipulation, signed by counsel for the State and defendant: "The prosecutor and defense counsel . . . stipulate to the information set out in Sections I and V of this form, and agree with the defendant's prior record level or prior conviction level as set out in Section II based on the information herein." Section V of the worksheet showed two prior convictions: (1) impersonating an officer; and (2) false statement to the FBI. These convictions were not in the courts of North Carolina and were shown as Class I felonies. Based upon these convictions, the trial court found two prior Class I felony convictions, for a total of four points, and that defendant was a prior record level II for felony sentencing. Defendant was sentenced as a level II offender, from the presumptive range of sentences.

On appeal, defendant does not dispute that both convictions, which were in federal court, were felonies under federal law. She also acknowledges that under the provisions of N.C. Gen. Stat. § 15A-1340(e), the burden rested upon the defendant to show that the offense committed in another jurisdiction was substantially similar to a misdemeanor in North Carolina. Defendant now contends that impersonation of an officer was a Class 1 misdemeanor in North Carolina and that making a false statement to the FBI was similar to making a false report to law enforcement, a Class 2 misdemeanor in North Carolina.

N.C. Gen. Stat. § 15A-1340.14(e) provides:

> Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony . . . . If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points.

N.C. Gen. Stat. § 15A-1340.14(e) (2011).

In *State v. Hinton*, 196 N.C. App. 750, 675 S.E.2d 672 (2009), this Court held that where the State relied upon the default classification for out-of-state felonies of Class I, it was not required to prove that the felonies were "substantially similar to North Carolina offenses[.]" *Hinton*, 196 N.C. at 755, 675 S.E.2d at 675-76. In such a situation, as

in the instant case, it became the burden of defendant to demonstrate that the out-of-state felonies were substantially similar to a North Carolina misdemeanor.

Defendant made no showing before the trial court that either of her two prior federal felony convictions were substantially similar to North Carolina misdemeanors. The trial court did not err in finding that defendant had 4 prior record points and sentencing her at a prior record level II.

This argument is without merit.

### IV.  Ineffective Assistance of Counsel

**[2]** In her second argument, defendant contends that counsel was ineffective for failing to demonstrate that her prior federal convictions were substantially similar to North Carolina misdemeanors. We disagree.

"The two-part test for ineffective assistance of counsel is the same under both the state and federal constitutions." *State v. Thompson,* 359 N.C. 77, 115, 604 S.E.2d 850, 876 (2004). "A defendant must first show that his defense counsel's performance was deficient and, second, that counsel's deficient performance prejudiced his defense. *Thompson,* 359 N.C. at 115, 604 S.E.2d at 876 (citing *Strickland v. Washington,* 466 U.S. 668, 687, 80 L.Ed.2d 674, 693 (1984)).

In the instant case, defendant can show no prejudice. The North Carolina statute that she cites as being substantially similar to the federal offense of making a false statement to the FBI is N.C. Gen. Stat. § 14-225. That statute makes it a Class 2 misdemeanor to make a "false, misleading or unfounded report" to law enforcement. N.C. Gen. Stat. § 14-225 (2011). The federal statute makes it a criminal offense where one knowingly and willfully

> (1)  falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2)  makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3)  makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

18 U.S.C. 1001.

The North Carolina statute deals only with a "report" and contains no requirement of materiality. We hold that N.C. Gen. Stat. § 14-225 and 18 U.S.C. § 1001 are not substantially similar.

Since defendant can show no prejudice, her claim for ineffective assistance of counsel must fail.

## V.  Factual Basis of Guilty Plea

[3]  In her third argument, defendant contends that the State failed to present a sufficient factual basis to support her conviction of felony breaking and/or entering. We disagree.

Immediately before the calling of this case for trial, the parties announced to the court that they agreed upon a plea arrangement. The terms of the plea arrangement were that defendant would plead guilty to one count of felonious breaking and/or entering and that the State would dismiss the other charges. The trial court personally went over the plea transcript with defendant. After stipulating to her prior convictions and record level, defendant stipulated that there was a factual basis for the guilty plea and that the State could present a summary of the evidence. The State then proceeded to summarize the evidence in this case. BB&T owned a residence located at 128 Lake Drive in Candler as a result of a foreclosure. Defendant broke into the house and was preparing to move into the house when a realtor discovered her on the property.

We hold that the State's summary of the factual basis for the plea was sufficient to meet the requirements of N.C. Gen. Stat. § 15A-1022(c).

This argument is without merit.

PETITION FOR WRIT OF CERTIORARI ALLOWED.

AFFIRMED.

Chief Judge MARTIN and Judge ERVIN concur.