An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-364

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

STATE OF NORTH CAROLINA

v.

LONNELLE VAUGHN

Wilson County

Nos. 11-CRS-55061, 13-CRS-00418-20

Appeal by Defendant from judgment entered 18 November 2013 by Judge Walter H. Godwin, Jr., in Wilson County Superior Court. Heard in the Court of Appeals 10 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*
>
> *James W. Carter for Defendant.*

STEPHENS, Judge.

This appeal arises from Defendant Lonnelle Vaughn's plea of guilty to one count of statutory rape of a person who is 13, 14, or 15 years old. Defendant now petitions this Court to grant a writ of *certiorari* and seeks to vacate his plea, arguing that the trial court erred in accepting it because: (1) it was not the product of an informed choice, based on his allegation that

the court violated N.C. Gen. Stat. § 15A-1022(a)(6) by failing to accurately inform him of the maximum and minimum possible sentences he faced, and (2) it was not supported by a factual basis as required by N.C. Gen. Stat. § 15A-1022(c). In our discretion, we grant Defendant's petition for *certiorari* review and hold that the trial court did not err in accepting his guilty plea.

Additionally, Defendant seeks *certiorari* review of the trial court's order that he enroll in Satellite-Based Monitoring ("SBM") for a period of 15 years following his release from prison, arguing that the court's finding that he was in a supervisory role with the victim is insufficient to justify subjecting him to the highest possible level of supervision and monitoring because he was not convicted of an aggravated offense and his STATIC-99 report indicated a low risk of reoffending. The State has also petitioned for a writ of *certiorari* to challenge the trial court's conclusion that statutory rape of a person who is 13, 14, or 15 years old is not an aggravated offense. In light of this Court's holding in *State v. Sprouse*, 217 N.C. App. 230, 719 S.E.2d 234 (2011), *disc. review denied,* 365 N.C. 552, 722 S.E.2d 787 (2012), that statutory rape of a person who is 13, 14, or 15 years old does qualify as an

aggravated offense, we remand to the trial court for entry of an SBM order consistent with this Court's present ruling.

*Facts and Procedural History*

On 6 August 2012, Defendant was indicted by a Wilson County grand jury for statutory rape of a person who is 13, 14, or 15 years old and sexual offense by a person in a parental role for allegedly "guilt-tripping" a 13-year-old girl for whom he served as guardian, and was more than six years older than, into regularly having sex with him by threatening to withhold money, food, and clothing from her and the other six children in Defendant's household. On 4 March 2013, Defendant was indicted on three additional counts of statutory rape and sexual offense.

On 18 November 2013, pursuant to a plea agreement, Defendant pled guilty to one count of statutory rape of a person who is 13, 14, or 15 years old, with sentencing at the trial court's discretion, in exchange for dismissal of all other pending charges. After a sentencing hearing, the trial court imposed a sentence within the presumptive range for an offender at Defendant's prior record level of a minimum 267 and maximum 330 months in prison. The trial court also ordered that upon his release from prison, Defendant must register as a sex offender

for a period of 30 years. Regarding SBM, the State's STATIC-99 report classified Defendant at the lowest risk level for reoffending with minus-one point, and the order the State prepared for the trial judge to sign stated Defendant was not a sexually violent predator or recidivist and that the offense of conviction was not an aggravated offense. The prosecutor explained that although these factors standing alone did not require that Defendant be ordered to enroll in SBM, the trial court could enter additional findings to support such an order, which the trial court subsequently did. Citing Defendant's supervisory role with the victim as an additional finding that required the highest possible level of supervision and monitoring, the court ordered Defendant to enroll in SBM for a period of 15 years following his release from prison. On 22 November 2013, Defendant filed a *pro se* notice of his intent to appeal.

We note at the outset that Defendant is not entitled to an appeal as a matter of right to challenge the trial court's acceptance of his guilty plea. *See State v. Bolinger*, 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987) ("[A] defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty

plea."). Under North Carolina law, a defendant who pleads guilty has a right of appeal limited to the issues of whether the sentence: (1) is supported by sufficient evidence, but only if the minimum term of imprisonment does not fall within the presumptive range; (2) is based on an erroneous finding of the defendant's prior record or conviction level; (3) imposes a type of sentence disposition or term of imprisonment that is not authorized for the defendant's class of offense and prior record or conviction level; (4) resulted from the trial court's improper denial of the defendant's motion to suppress; or (5) resulted from the trial court's improper denial of the defendant's motion to withdraw his guilty plea. *See* N.C. Gen. Stat. § 15A-1444 (2013). However, our Supreme Court has held that a defendant who alleges the trial court improperly accepted his guilty plea "may obtain appellate review of this issue only upon grant of a writ of *certiorari*." *Bolinger*, 320 N.C. at 601, 359 S.E.2d at 462.

Here, through his appointed appellate counsel, Defendant has timely petitioned this Court for writs of *certiorari* pursuant to N.C. Gen. Stat. § 15A-1444(e) and N.C.R. App. P. 21 to challenge (1) whether his guilty plea was voluntarily and knowingly entered and was the product of an informed choice; and

(2) whether his guilty plea was supported by an adequate factual basis. Additionally, Defendant has petitioned for a writ of *certiorari* to challenge whether the trial court erred in ordering him to enroll in SBM after his release from prison, and the State has filed its own petition for a writ of *certiorari* seeking to challenge the trial court's ruling that statutory rape of a person 13, 14, or 15 years old was not an aggravated offense pursuant to N.C. Gen. Stat. § 14-208.6(1a) (2013). We first address Defendant's argument that his guilty plea should be vacated.

Since our decision in *State v. Rhodes*, 163 N.C. App. 191, 592 S.E.2d 731 (2004), this Court has regularly granted *certiorari* to review alleged violations of the procedural requirements set forth in N.C. Gen. Stat. § 15A-1022 for accepting guilty pleas. *Id.* at 194, 592 S.E.2d at 733. *See also, e.g., State v. DeMaio*, 216 N.C. App. 558, 562, 716 S.E.2d 863, 866 (2011) (allowing review of defendant's challenge that his plea was improperly accepted because it was not the product of informed choice and did not provide him the benefit of his bargain). Accordingly, we grant Defendant's petition and review the issues.

*I. Defendant's Guilty Plea*

*A. Voluntary and Knowing Product of an Informed Choice*

Defendant first argues that the trial court erred in determining that his plea was entered knowingly and voluntarily as the product of an informed choice, as required by N.C. Gen. Stat. § 15A-1022(b), because the terms of his plea were not sufficiently clear to allow him to be fully aware of its direct consequences. Specifically, Defendant contends the trial court violated N.C. Gen. Stat. § 15A-1022(a)(6) by failing to inform him of the minimum term of imprisonment and by misinforming him of the maximum possible punishment on the charge for which he was being sentenced. As a result of this alleged error, Defendant argues that the trial court's judgment must be vacated. We disagree.

Because a plea of guilty requires a defendant to forfeit fundamental rights such as a trial by jury and the right against self-incrimination, due process requires that the record must affirmatively establish that the entry of the plea was made voluntarily, knowingly, and understandingly. *See Boykin v. Alabama*, 395 U.S. 238, 244, 23 L. Ed. 2d 274, 280 (1969). In order for a guilty plea to be voluntary, it must be "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court . . . ." *Brady*

*v. United States*, 397 U.S. 742, 755, 25 L. Ed. 2d 747, 760 (1970) (citation omitted). Thus, our General Assembly has codified the procedural requirements governing the adjudication of guilty pleas. Under N.C. Gen. Stat. § 15A-1022, a trial court may not accept a guilty plea from a defendant without first addressing him personally and:

> (1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;
>
> (2) Determining that he understands the nature of the charge;
>
> (3) Informing him that he has a right to plead not guilty;
>
> (4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;
>
> (5) Determining that the defendant, if represented by counsel, is satisfied with his representation;
>
> (6) Informing him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge; and
>
> (7) Informing him that if he is not a citizen of the United States of America, a plea of guilty or no contest may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

N.C. Gen. Stat. § 15A-1022(a) (2013). However, this Court has "refuse[d] to adopt a technical, ritualistic approach" to assessing compliance with the requirements of section 15A-1022. *State v. Richardson*, 61 N.C. App. 284, 289, 300 S.E.2d 826, 829 (1983). "Failure to strictly adhere to the requirements of the statute, without more, does not entitle [a] defendant to have the judgment vacated." *State v. Salvetti*, 202 N.C. App. 18, 27, 687 S.E.2d 698, 704, *disc. review denied*, 364 N.C. 246, 699 S.E.2d 919 (2010). "Even when a violation occurs, there must be prejudice before a plea will be set aside." *State v. McNeill*, 158 N.C. App. 96, 103, 580 S.E.2d 27, 31 (2003). Indeed, "the omission of this inquiry has been held to be harmless error if the record demonstrates that the defendant's plea was knowingly and voluntarily entered." *State v. Santos*, 210 N.C. App. 448, 451, 708 S.E.2d 208, 211 (2011). Thus, we must "look to the totality of the circumstances" surrounding the acceptance of the plea and "determine whether non-compliance with the statute either affected [the] defendant's decision to plead or undermined the plea's validity." *State v. Hendricks*, 138 N.C. App. 668, 670, 531 S.E.2d 896, 898 (2000).

In the present case, Defendant insists that the trial court erred when it told him he could potentially be sentenced to life

in prison because——as a prior record level II offender——the presumptive range maximum he faced for one class B1 felony conviction is only 344 months according to our State's structured sentencing grid. N.C. Gen Stat. § 15A-1340.17(c) (2013). Defendant relies on this Court's decision in *State v. Reynolds*, 218 N.C. App. 433, 721 S.E.2d 333, *disc. review denied*, 366 N.C. 219, 726 S.E.2d 855 (2012), as support for his argument that because he was not properly informed of the maximum sentence he faced, his plea was not knowing, voluntary, or the product of an informed choice. Defendant's reliance on *Reynolds* is misplaced.

In *Reynolds*, this Court vacated a guilty plea of a defendant who was erroneously informed by the trial court that the maximum possible sentence he faced for felony breaking and entering and felony larceny as an habitual felon was 168 months imprisonment when, in actuality, he received a maximum sentence of 171 months. As we explained, "[w]hile the difference between the maximum sentence described by the trial court and the correct maximum sentence is only three months, we cannot say that an additional three months of possible imprisonment is not prejudicial." *Id.* at 437, 721 S.E.2d at 336. Thus, we held that "the trial court's failure to properly inform [the d]efendant of

the maximum sentence he faced calls into question the voluntariness of his guilty plea" and remanded the case for a new trial. *Id.* at 438, 721 S.E.2d at 336 (citation and internal quotation marks omitted).

Here, Defendant essentially argues that because he got a better deal than he bargained for——267 to 330 months in prison, rather than a life sentence——we should stretch our holding in *Reynolds* to apply under the opposite circumstances and vacate his plea. But this argument ignores a crucial distinction between the two cases. In *Reynolds*, the voluntariness of the defendant's guilty plea was called into question because he received a harsher sentence than he was told he could receive as a result of the trial court's error, whereas here, Defendant not only received a lighter sentence but, more significantly, our cases indicate that the trial court did not err at all.

Our Supreme Court has stated that the maximum possible sentence "is that which could be imposed if the defendant were in the highest criminal history category and the offense were aggravated." *State v. Lucas*, 353 N.C. 568, 596, 548 S.E.2d 712, 730 (2001), *overruled on other grounds by State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005). The rationale for such a rule is that:

> Although the parties may have agreed to the sentence that will actually be imposed, the court must nevertheless again advise the defendant of the maximum possible sentence. Warning a defendant of the harshest possible outcome ensures that the defendant is fully advised of the implications of the charge against him or her and, if pleading, is aware of the possible consequences of the plea.

*Id.* (citation omitted). Thus, when advising a defendant of the consequences of his guilty plea, the trial court does not err by focusing on the theoretical maximum sentence that any defendant could receive. Indeed, in at least two prior unpublished opinions, this Court has explained that the plain language of section 15A-1022(a)(6) does not require the trial court to specifically tailor its explanation of the maximum possible sentence to fit a particular defendant's projected prior record level. *See State v. Felton*, __ N.C. App. __, 606 S.E.2d 458 (2005) (unpublished), *available at* 2005 WL 14623 ("[N]othing in G.S. § 15A-1022(a)(6) requires the trial court to adjust the 'maximum possible sentence' based upon a particular defendant's projected prior record level."); *State v. Hayes*, __ N.C. App. __, 615 S.E.2d 739 (2005) (unpublished) *available at* 2005 WL 1669612 ("Contrary to defendant's assertion, nothing in N.C. Gen. Stat. § 15A-1022(a)(6) requires a trial court to tailor the information regarding the maximum and minimum possible

sentences for an offense by inquiring into each defendant's projected prior record level.").[1]

According to our State's structured sentencing grid, the maximum possible sentence for an aggravated B1 felony for a defendant with either of the highest two prior record levels (V or VI) is life imprisonment without the possibility of parole. N.C. Gen. Stat. § 15A-1340.17(c). Because Defendant was accurately informed of this in the written transcript of his plea and during his plea colloquy, we hold that the trial court did not err in advising Defendant of the maximum sentence he faced.

Defendant further contends that his plea could not have been the result of an informed decision because the trial court erred by failing to inform him of the minimum sentence he faced. This argument also fails. Under section 15A-1022(a)(6), the trial court is required to inform defendants "of the mandatory minimum sentence, if any, on the charge[.]" N.C. Gen. Stat. § 15A-1022(a)(6). Thus, the statute's plain language demonstrates that this requirement only applies to certain offenses that are

---

[1] Although Rule 30(e)(3) of North Carolina's Rules of Appellate Procedure holds that this Court's unpublished decisions do not constitute controlling legal authority, we find these two cases persuasive and consistent with the precedent established by our Supreme Court's decision in *Lucas*.

not subject to our State's structured sentencing scheme because our General Assembly has prescribed statutory mandatory minimum sentences for those offenses. *See, e.g.*, N.C. Gen. Stat. § 90-95(h) (2013) (providing for mandatory sentences based upon the type and weight of the controlled substance trafficked); N.C. Gen. Stat. § 20-138.5(b) (2013) (providing a person convicted of habitual impaired driving shall be sentenced to a minimum active term of not less than 12 months of imprisonment). Rather than prescribing a mandatory minimum sentence for statutory rape of a person who is 13, 14, or 15 years old, our General Assembly has classified the offense as a Class B1 felony, subject to structured sentencing. In the present case, this means that the trial court was not under any duty to inform Defendant of any mandatory minimum sentence, and we accordingly find no violation of section 15A-1022(a)(6).

Finally, considering the totality of the circumstances, in both the written transcript of his plea and during his plea colloquy, Defendant averred that he understood that he had the right to remain silent, he understood the nature of the charges against him, and that he had discussed with his lawyer any possible defenses. Defendant understood that he was pleading guilty to one count of statutory rape of a person who is 13, 14,

or 15 years old, a Class B1 felony with a maximum punishment of life imprisonment, and that in exchange for his plea, the State had agreed to dismiss three additional charges of statutory rape and four counts of sex offense by a person in a parental role. Defendant also averred that no one had promised him anything or threatened him in any way to cause him to enter the plea against his wishes. Thus, the record indicates Defendant's plea was, in fact, knowingly and voluntarily entered. Accordingly, because Defendant's argument for vacating his guilty plea under section 15A-1022(b) is predicated entirely on these erroneous assertions that the trial court failed to comply with section 15A-1022(a)(6), we hold that the trial court did not err in finding Defendant's guilty plea was the product of an informed choice.

*B. Factual Basis to Support Guilty Plea*

Defendant next contends that the trial court erred in determining that there was a factual basis to support his guilty plea to statutory rape of a person who is 13, 14, or 15 years old because the State failed to prove each element of the offense. Specifically, Defendant claims that the State did not prove that he engaged in vaginal intercourse with the victim. We find this argument to be entirely devoid of merit.

Under North Carolina law, the trial court may not accept a guilty plea "without first determining that there is a factual basis for the plea." N.C. Gen. Stat. § 15A-1022(c). While a guilty plea standing alone is itself insufficient to establish a factual basis, *see State v. Sinclair*, 301 N.C. 193, 199, 270 S.E.2d 418, 421 (1980), the statute expressly provides that the trial court's determination may be based upon "[a] statement of the facts by the prosecutor." N.C. Gen. Stat. § 15A-1022(c)(1). This Court has repeatedly held that when a prosecutor recites the factual basis at the plea hearing and the defendant stipulates to those facts, the trial court does not err in determining that a factual basis exists to support a guilty plea. *See, e.g., State v. Crawford*, __ N.C. App. __, __, 737 S.E.2d 768, 771, *disc. review denied*, 366 N.C. 590, 743 S.E.2d 196 (2013).

In the present case, Defendant stipulated in the transcript of his plea agreement and again during his plea colloquy that there was a factual basis for his plea, and he also consented to the prosecutor summarizing the facts for the trial court. The prosecutor summarized the factual basis to support Defendant's guilty plea as follows:

> In the fall of 2009 a minor child at the time age 13-years-old, [A.M.], was placed

into this Defendant's home along with that, along with Lonnelle Vaughn's wife, Kitrell (phonetic) Vaughn. He was the guardian for that minor at the time. A sexual relationship started by this Defendant. This Defendant was the only person who got income to the house. It was a disability check that's fairly sizeable and he would withhold money and food and clothing for the other children in the house which there were six other children in the house at the time, Your Honor, and force the minor child, 13-years-old, to have sex with him in order for him to provide money, clothing, food for the other children in the house. In a sense he guilt tripped her into having sex with him.

During that time around, between the times of January and April of that year she was having sex with the Defendant regularly, several times a week. She became pregnant and had a child who is alive today born in November of 2010, [L.M.], Your Honor. At the time she was 13. At the time the Defendant was more than six-years-older than her, his birthday being October 9th, 1973. He was not legally married to her at the time. He is legally married to a Kitrell Vaughn.

Defense counsel did not object to this recitation of the facts and expressly declined to add anything further for the trial court to consider. In defining the offense of statutory rape of a person who is 13, 14, or 15 years old, section 14-27.7A of our General Statutes provides that,

> [a] defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older

> than the person, except when the defendant
> is lawfully married to the person.

N.C. Gen. Stat. § 14-27.7A(a) (2013). Although Defendant insists that the State failed to prove he engaged in vaginal intercourse with the victim, he has already stipulated to the facts that he forced the victim "to have sex with him" and that she later gave birth to his child. Our prior cases make clear that, combined with the prosecutor's recitation of the facts, those stipulations are sufficient to establish a factual basis for Defendant's guilty plea. *See Crawford*, __ N.C. App. at __, 737 S.E.2d at 771. Accordingly, we hold that the trial court did not err in finding Defendant's guilty plea was supported by a factual basis.

## *II. SBM for Aggravated Offense*

Finally, both Defendant and the State filed petitions for writs of *certiorari* seeking to challenge the trial court's order requiring Defendant to enroll in SBM for a period of 15 years following his release from prison. On appeal from an SBM order, this Court reviews "the trial court's findings of fact to determine whether they are supported by competent record evidence, and . . . the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found." *State v. Kilby*,

198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) (citation and internal quotation marks omitted). "The trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *Id.* at 366, 679 S.E.2d at 432 (citation and internal quotation marks omitted).

Section 14-208.40A of our General Statutes provides that a trial court shall order a criminal defendant to enroll in lifetime SBM if it finds, *inter alia*, that the offender has committed an aggravated offense. *See* N.C. Gen. Stat. § 14-208.40A(c) (2013). An "aggravated offense" is defined as

> any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.

N.C. Gen. Stat. § 14-208.6(1a) (2013). Section 14-208.40A(d) provides that if the defendant was not convicted of an aggravated offense, or determined to be a recidivist or sexually violent predator, the trial court can only order SBM enrollment after reviewing a STATIC-99 risk assessment report. The STATIC-99 risk assessment "is an actuarial instrument designed to estimate the probability of sexual and violent recidivism among male offenders who have already been convicted of at least one

sexual offense against a child or non-consenting adult." *State v. Thomas*, __ N.C. App. __, __, 741 S.E.2d 384, 386 (2013) (citation and internal quotation marks omitted). If, based on the STATIC-99, the trial court determines that the defendant "require[s] the highest possible level of supervision and monitoring, the court shall order the offender to enroll in [SBM] for a period of time to be specified by the court." N.C. Gen. Stat. § 14-208.40A(e). Even if the defendant's STATIC-99 score indicates his risk of reoffending is low, the trial court can still order SBM by making additional findings based on "any proffered and otherwise admissible evidence relevant to the risk posed by a defendant." *State v. Morrow*, 200 N.C. App. 123, 131, 683 S.E.2d 754, 760–61 (2009), *affirmed per curiam*, 364 N.C. 424, 700 S.E.2d 224 (2010). "These additional findings must be supported by competent record evidence and must support the trial court's ultimate conclusion of law." *See Thomas*, __ N.C. App. at __, 741 S.E.2d at 386 (internal citation and quotation marks omitted).

In the present case, Defendant contends the trial court's additional finding that he was in a supervisory role with the victim was insufficient to justify its SBM order, given that the AOC-CR-615 form the State prepared for his sentencing hearing

did not classify him as a sexually violent predator or recidivist, and did not classify the offense of his conviction as an aggravated offense, while the DOC's STATIC-99 risk assessment indicated he had a low risk of reoffending. On the other hand, the State argues that, in light of this Court's holding in *Sprouse*, the trial court erred by ruling that the offense of statutory rape of a person who is 13, 14, or 15 years old is not an aggravated offense as defined by N.C. Gen. Stat. § 14-208.6(1a). The State therefore seeks remand for the trial court to order that Defendant be enrolled in lifetime SBM in accordance with N.C. Gen. Stat. §14-208.40A(c).

Both parties concede they have lost their chance to appeal as of right: Defendant admits his original *pro se* notice of appeal was defective insofar as it omitted the docket number of the case he sought to appeal, failed to address the appropriate appellate court, and was never properly served on the State, while the State acknowledges that it failed to give notice of its intent to appeal within the thirty-day window allowed by Rule 3 of our Rules of Appellate Procedure, which governs here because SBM is a civil regulatory scheme rather than a criminal punishment. *See State v. Brooks*, 204 N.C. App. 193, 194, 693 S.E.2d 204, 206 (2010). Rule 21 of North Carolina's Rules of

Appellate Procedure vests us with discretion to grant *certiorari* review, and we turn first to the State's petition, as its resolution is dispositive on this issue.

Defendant opposes the State's petition for *certiorari* on the grounds that it failed to meet its filing deadline, failed to preserve the issue for appellate review by objecting at trial, and is complaining of an error that came at its own invitation, given that the State originally advised the trial court that Defendant's offense was not an aggravated one. However, this Court has previously allowed the State's petition for a writ of *certiorari* in a virtually identical scenario in *State v. Oxendine*, 206 N.C. App. 205, 696 S.E.2d 850 (2010). In *Oxendine*, the State petitioned for *certiorari* to challenge an SBM determination, arguing that the trial court erred by failing to classify the defendant's guilty plea to three counts of second-degree rape of a mentally disabled victim as an aggravated offense. *Id.* at 209, 696 S.E.2d at 853. Although the prosecutor never objected at trial and the State failed to file a timely appeal, this Court granted *certiorari* in light of its decision in *State v. McCravey*, 203 N.C. App. 627, 692 S.E.2d 409, *disc. review denied*, 364 N.C. 438, 702 S.E.2d 506 (2010), where we held that second-degree rape, as defined by statute,

does indeed qualify as an aggravated offense and thus requires lifetime SBM enrollment. Consequently, in *Oxendine*, we vacated the trial court's original 10-year SBM order and remanded for entry of an appropriate order in light of *McCravey*. 206 N.C. App. at 212, 696 S.E.2d at 854-55.

Similarly, in the present case, the State argues, based on this Court's decision in *Sprouse*, that the trial court's 15-year SBM order derives from an improper conclusion of law—specifically, that statutory rape of a person who is 13, 14, or 15 years old is not an aggravated offense. We agree. In *Sprouse*, this Court held that a person who is 13, 14, or 15 years old is statutorily incapable of consenting to sexual intercourse. 217 N.C. App. at 241, 719 S.E.2d at 242. As we explained, because "an act of sexual intercourse with a person deemed incapable of consenting as a matter of law is a violent act," statutory rape of a person who is 13, 14, or 15 years old qualifies as an aggravated offense for lifetime SBM purposes. *Id.* (citation omitted).

Because we agree with the State that in light of our prior holding in *Sprouse* the trial court erred as a matter of law in concluding that Defendant had not committed an aggravated offense, we need not reach Defendant's argument regarding the

trial court's additional findings. Accordingly, we vacate the trial court's 15-year SBM order and remand for entry of an appropriate order in light of *Sprouse*.

AFFIRMED in part; VACATED and REMANDED in part.

Judges CALABRIA and ELMORE concur.

Report per 30(e).